UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TATYANA ALLEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1118-G |
| | ) |
| NATIONAL CREDIT SYSTEMS, INC. | ) |
| et al., | ) |
| | ) |
|    Defendants. | ) |

## **ORDER**

On October 24, 2024, Plaintiff Tatyana Allen, appearing through counsel, initiated this civil action. On June 17, 2025, the attorney representing Plaintiff moved to withdraw, representing that "Plaintiff instructed [him]" to seek withdrawal. Mot. to Withdraw (Doc. No. 16) at 1. On August 4, 2025, the Court granted the request to withdraw, subject to the condition that papers continue to be served upon counsel for forwarding purposes until Plaintiff appears in this matter. *See* Order of Aug. 4, 2025 (Doc. No. 18) at 1. The Court also directed Plaintiff to either obtain new counsel or appear pro se no later than August 25, 2025. *See id.*

As of September 3, 2025, Plaintiff had not appeared in the matter, either through new counsel or pro se. The Court therefore ordered Plaintiff to show cause in writing, no later than September 17, 2025, why this matter should not be dismissed for failure to prosecute and failure to comply with the Order of the Court. *See* Order to Show Cause (Doc. No. 19). Plaintiff's former attorney was directed to forward the Order to Show Cause to Plaintiff. *See id.* at 1.

Plaintiff has not responded to the Order to Show Cause, sought additional time to do so, or otherwise been in contact with the Court.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute this action and to comply with the Court's Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

## CONCLUSION

Accordingly, this action is DISMISSED without prejudice. A separate judgment shall be entered.

IT IS SO ORDERED this 8th day of October, 2025.

CHARLES B. GOODWIN
United States District Judge